STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-644

COLLEEN HAWTHORN MCCALMONT

VERSUS

JAMES ADDISON MCCALMONT, III

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 256,513
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

************
**SYLVIA R. COOKS**
**JUDGE**
************

Court composed of Sylvia R. Cooks, John D. Saunders and Candyce G. Perret, Judges.

**AFFIRMED.**

**Mark F. Vilar**
**Aaron L. Green**
**Paul Boudreaux, Jr.**
**Vilar & Green, LLC**
**1450 Dorchester Drive**
**P.O. Box 12730**
**Alexandria, LA 71303**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James Addison McCalmont, IV, Independent Testamentary Executor for Succession**
    **of Colleen Hawthorn McCalmont**

**Curtis R. Shelton**
**Ayres, Shelton, Williams, Benson & Paine, LLC**
**Suite 1400, Regions Tower**
**333 Texas Street**
**P.O. Box 1764**
**Shreveport, LA 71166-1764**
**(318) 227-3500**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **James Addison McCalmont, III**

**COOKS, Judge.**

The facts in this case are largely undisputed. On August 3, 2016, Colleen Hawthorn McCalmont filed a petition for a "no fault" divorce from James Addison McCalmont, III, under La.Civ.Code art. 102. In that petition, Ms. McCalmont alleged the parties had been living separate and apart since July 31, 2016. Mr. McCalmont was personally served and did not file any answer or responsive pleading.

On December 14, 2016, after discovering her husband had been unfaithful, Ms. McCalmont filed an Amending and Supplemental Petition for Divorce. In this petition she sought a divorce on the grounds of adultery, pursuant to La.Civ.Code art. 103(2). The Amended Petition alleged only adultery as grounds for the divorce and did not plead in the alternative any other grounds for divorce.

On December 27, 2016, thirteen days after the Amended Petition was filed, Mr. McCalmont filed a Motion to Terminate the Community of Acquets and Gains, retroactive to August 3, 2016, the date of filing of the original petition for divorce. Ms. McCalmont filed a memorandum in opposition to that motion, arguing the correct date of the termination of the community was December 14, 2016, which was the date of filing of the only pending pleading (the Amended Petition) seeking divorce.

On January 23, 2017, Mr. McCalmont filed an answer to the Amended Petition. No exceptions to the content of the Amended Petition were filed and there was no objection to the fact the original grounds pled previously for divorce had been changed from living separate and apart to adultery. The record also established Mr. McCalmont has not filed a reconventional demand or pleading of any type seeking a divorce in this or in any other proceeding.

A hearing on the motion to terminate the community was held on February 6, 2017. There was no dispute that the parties had begun living separate and apart

2

on July 31, 2016, and that the community was properly subject to being terminated. The only issue before the court was the effective date of the termination of the marital community. At the conclusion of the hearing, the trial court ruled the termination date related back to the date of the filing of the Amended Petition, December 14, 2016. A final judgment to the effect was signed. This appeal followed. Mr. McCalmont asserts the trial court erred in finding the effective date of the termination of the community was December 14, 2016. Tragically, on February 22, 2017, Ms. McCalmont died after a lengthy battle with brain cancer before a final judgment of divorce could be obtained. Her son, James A. McCalmont, IV, as the testamentary executor for the Succession of Colleen Hawthorn McCalmont, was the Appellee in this appeal.

## ANALYSIS

The record established Ms. McCalmont was the only party to file any pleading seeking a divorce. Initially, she filed a Petition for Divorce on August 3, 2016, seeking a "no fault" divorce under La.Civ.Code art. 102. No answer or responsive pleading was filed in response to the petition.

Following that filing, discovery was sent out and responded to by Mr. McCalmont. Evidence was accumulated that confirmed Ms. McCalmont's suspicions that Mr. McCalmont was having an extra-marital affair. Therefore, on December 14, 2016, Ms. McCalmont filed an Amending and Supplemental Petition for Divorce. In it, Ms. McCalmont was "now seeking a divorce under the provisions of Louisiana Civil Code Art. 103(2), due to the adultery of [Mr. McCalmont]." In the Amended Petition, Ms. McCalmont did not seek in the alternative a divorce under La.Civ.Code art. 102.

Mr. McCalmont filed an answer to the Amended Petition. No exceptions or objections were filed to the Amended Petition. The motion to terminate the

3

community was not filed by Mr. McCalmont until thirteen days after the Amended Petition was filed.

Mr. McCalmont argues the judgment terminating the marital community must relate back to the filing of the original petition for divorce. Appellee disagrees and notes that changes made to the law by the Louisiana Legislature removed the previous requirement to use the date of filing of the "original" petition for divorce in the present circumstances.

Prior to 2010, Louisiana Civil Code article 2375(C) read, in pertinent part, as follows (emphasis added):

> C. If a judgment is rendered on the ground that the spouses were living separate and apart after the filing of a petition for divorce without having reconciled, the judgment shall be effective retroactively to the date the *original* petition for divorce was filed.

As Appellee notes, by Act 603 of the 2010 Louisiana Legislative Session, La.Civ.Code art. 2375(C) was amended in part, and now reads:

> C. If a judgment is rendered on the ground that the spouses were living separate and apart without having reconciled for at least thirty days from the date of, or prior to, the filing of the petition for divorce, the judgment shall be effective retroactively to the date the petition for divorce was filed.

The 2010 amendment removed the word "original" from the article, clearly evidencing an intent to remove the requirement that the rendition of a judgment terminating a community property regime must relate back to the date of the filing of the "original" petition for divorce. The trial court's decision relating the termination of the community back to the date the amended petition for divorce was filed does not run afoul of La.Civ.Code art. 2375(C) as amended.

Likewise, Appellee points out changes made to La.Civ.Code art. 159 also evidence a change to remove the requirement of a judgment terminating the community to relate back to the original petition. Prior to 1990, La.Civ.Code art. 159 read (emphasis added):

4

> If a community property regime exists on the date of filing of the original petition in the action in which the judgment of divorce is rendered, the judgment of divorce carries with it the dissolution of the community, which dissolution is retroactive to the date on which the *original* petition in the action was filed.

By Act 1009 of the 1990 Louisiana Legislative Session, La.Civ.Code art. 159 was amended, in relevant part, to read:

> A judgment of divorce terminates a community property regime retroactively to the date of filing of the petition in the action in which the judgment of divorce is rendered.

As in La.Civ.Code art. 2375(C), reference to the "original" petition was deleted and was replaced instead with language providing the termination of the community relates back to the "filing of the petition in the action in which the judgment of divorce is rendered." Mr. McCalmont argues La.Civ.Code art. 159 applies in situations when the judgment of divorce has been rendered, which did not occur in this case due to Ms. McCalmont's death. At the time of Ms. McCalmont's death, the only petition for divorce pending was the Amended Petition filed on December 14, 2016. The amendment served, in effect, to dismiss or cancel the original filing, and to start the matter anew, raising a different ground for divorce. The later filing became the "original" filing absent any expression that the ground therein was intended to be pled in the alternative to that previously urged. Therefore, under La.Civ.Code art. 2375(C), the trial court did not err in finding the termination of the community relates back to "the date the petition of divorce was filed," which in this case was the Amended Petition.

Mr. McCalmont argues La.Code Civ.P. art. 1153 applies and requires that the filing of the Amended Petition relates back to the filing of the original petition. We disagree and find La.Code Civ.P. art. 1153 does not apply unless a subsequently filed amended petition asserts an action arising out of the "conduct, transaction or occurrence" set forth in the original petition. As set forth above, the Amended Petition set forth a completely different ground for divorce (adultery) as

5

was set forth in the original petition.  Thus, La.Code Civ.P. art. 1153 is inapplicable in this case.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  All costs of this appeal are assessed to appellant, James Addison McCalmont, III.

**AFFIRMED.**